## No. 11,487.

### McClary v. The People.

Decided March 22, 1926.

Plaintiff in error was convicted of unlawfully operating a still.

### *Affirmed.*

### *On Application for Supersedeas.*

1. Criminal Law—*District Attorney—Judicial Notice.* Courts will take judicial notice of who the district attorney of a judicial district is, at a certain date.

2. *Information—Construction.* The first count of an information read: "Phillip S. Van Cise, district attorney within and for the second judicial district," etc.; the third count read: "Foster Cline, district attorney as aforesaid," etc. In construing the information, the words "as aforesaid" must be considered together and so considered, refer, not to the name of the district attorney, but to "the second judicial district."

3. *Information—Material Error.* Judgment in a criminal case will not be reversed for a defect appearing in the information which does not tend to prejudice the substantial rights of the defendant on the merits.

4. *Intoxicating Liquor—Still.* One may be found guilty of operating a still, although not guilty of ownership or possession.

5.  *Severance.* Where only one of two defendants moved for a severance, which was denied, the other defendant will not be heard to complain of the ruling.

6.  *Appeal and Error—Evidence.* One of two defendants claiming that evidence against his codefendant was improperly admitted as to him, may not raise that question on review where no objection nor motion to strike was made in the court below.

7.  *Instructions.* An objection that the court in its instructions failed to limit the effect of evidence in a criminal case to one of two defendants, will not be considered on review where no request for such limitation was made.

8.  *Instructions — Request — Circumstantial Evidence.* There is no error in the failure to give an instruction on circumstantial evidence, in the absence of a request for such an instruction.

9.  New Trial—*Newly Discovered Evidence—Affidavits.* A motion for a new trial in a criminal case, on the ground of newly discovered evidence, affidavits in support of which merely stated that defendant was not guilty, properly overruled.

10. Appeal and Error — *Sufficiency of Evidence — Criminal Law — Still.* Evidence reviewed and the contention that it is insufficient to support a verdict of guilty of unlawfully operating a still, overruled.

11. *Fact Findings.* Findings of the jury based on conflicting evidence, will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. James N. Sabin, Messrs. Sabin & McGlashan, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. Louis W. Burford, Assistant, for the people.

*Department One.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as defendant, was convicted of unlawfully operating a still for

the manufacture of intoxicating liquor and sentenced to the penitentiary for a term of three to four years. To review that judgment he brings error and the cause is now before us on his application for a supersedeas.

Defendant and one Neel were jointly informed against and tried. The information contained three counts, the first charging unlawful possession of a still, the second unlawful ownership, and the third unlawful operation. It is said that Neel was acquitted on the second count and convicted on the other two and is now serving sentence thereunder, and that defendant was acquitted on the first two counts. If so that record is not before us and the alleged facts will hence be disregarded. The record of defendant's conviction on the third count is here. He complains of that conviction for the following reasons: (1) The information was invalid; (2) the verdicts were contradictory; (3) a severance should have been ordered, and its refusal led to the admission of improper evidence; (4) instruction No. 7 was prejudicial; (5) no special instruction on circumstantial evidence was given; (6) the court erroneously rejected evidence of defendant's good reputation; (7) defendant's motion for a new trial on the ground of newly discovered evidence should have been granted; (8) the verdict is unsupported by the evidence.

1. The information was filed August 12, 1925. Each count is signed by Foster Cline, district attorney. This court takes judicial notice of the fact that Cline was such officer on said date. 16 C. J. sec. 989, p. 527; *People ex rel. v. Hall,* 45 Colo. 303, 100 Pac. 1129.

The first count reads: "Phillip S. Van Cise (Cline's predecessor in office), district attorney within and for the second judicial district of the State of Colorado * * * informs the court," etc. This is a palpable clerical error and in any event is immaterial because it does not appear in the charge on which defendant was convicted. The third count reads: "Foster Cline, district attorney as aforesaid," etc. It is argued that

"aforesaid" refers to Van Cise and invalidates the count. That method of interpretation is erroneous. To correctly construe the language the two words "as aforesaid" must be considered together and so considered they clearly refer to the second judicial district of the State of Colorado.

"Whenever on the trial of any indictment or information for any offense, there shall appear to be any variance between the statements in such indictment or information and the evidence offered in proof thereof, of any Christian name or surname, or both Christian name and surname, or other description whatever of any person whomsoever, therein named or described, or in the name or description of any matter or thing whatsoever therein named or described, such variance shall not be deemed grounds for the acquittal of the defendant, unless the court before which such trial be had shall find such variance is material to the merits of the case, or may be prejudicial to the defendant, and no indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits." C. L. 1921, p. 1819, § 7103.

By no stretch of the imagination can it be said that this error in the first count was material to the merits of the case or tended to prejudice the substantial rights of this defendant.

2. It is said that guilt of operating a still is inconsistent with innocence of owning or possessing a still. We do not know what the jury found on the first two counts, but the operation of a still does not, of necessity, involve its ownership or possession by the operator.

3. Neel moved for a severance, but this defendant did not, hence he cannot be heard to complain of that ruling. The evidence said to have been admissible against Neel and not against defendant, was clearly

admissible as to both under the circumstances because it was necessitated by a gratuitous and improper statement of counsel for the defense. Moreover, as no objection was made to it, and no motion made to strike it, further comment is superfluous.

4. It is urged as error that the court did not, in instruction No. 7 limit the evidence mentioned in paragraph three, supra, to defendant Neel. Were the objection otherwise good it is disposed of by the fact that no request for such limitation was made. *West v. People,* 60 Colo. 488, 490, 156 Pac. 137.

5. It is true that no special instruction on circumstantial evidence was given, but none was requested. Id.

6. The negative evidence of one witness as to defendant's good reputation was stricken, but as no conditions were shown which would justify the presumption that had defendant's reputation been bad the witness would have known it, the ruling was correct. Other witnesses testified affirmatively to defendant's good reputation and there was no evidence to the contrary.

7. The newly discovered evidence, affidavits of which it is said supported the motion for a new trial, was but the bald statements of the affiants (four in number, one of whom testified on the trial and another of whom was defendant himself) that they knew defendant was not guilty. That they could give any evidence beyond what went to this jury, and which would be admissible, nowhere appears. The motion was properly overruled. 16 C. J. sec. 2739½, p. 1221.

8. The only question of real importance here is the sufficiency of the evidence. About 12:30 p. m., October 8, 1925, police officers went to a barn in the city of Denver and with a pass key opened a very small trap door in a large sliding door and crawled inside. In the second story, or loft, they found a still in operation, a fire going, and 113 gallons of "moonshine whiskey." Concealing themselves they waited until about 3:30 p. m., when Neel

arrived, unlocked the same door and entered. The officers arrested him and continued their vigil. About two hours later defendant came in the same way and met with a like fate. The barn was owned by one Lewen and until June 12, preceding, had been rented as a storage warehouse by a company owned by defendant and one Garver, in whose employ was a man named Malson. Garver testified that he had four keys to the place, but did not surrender any of them on the expiration of his lease. He further stated that shortly thereafter a woman, giving the name of Jeffries, called at his office and made inquiries about the barn. Garver told Lewen he had a tenant for the place. Thereupon Lewen authorized him to rent it. Garver never saw the Jeffries woman again. Late in July, Neel gave Malson $25.00, saying it was to pay the rent on the barn for Mrs. Jeffries. He received in return a receipt for this rent and turned it over to defendant, on whose person it was found at the time of the arrest. Defendant testified that a woman named Gann had goods stored in this barn and when the company moved out in June, a hat box belonging to her was checked short. Up to October 8, no search had been made in the barn for this box. That afternoon, other employes of the company being busy, defendant asked Neel to go to the barn and see if he could find the missing hat box, and for that purpose gave Neel a bunch of keys which the latter attached to his own key chain. No keys had been turned over to Jeffries and neither Neel nor defendant had any authority from Jeffries to enter the premises. About 5 p. m., without attempting to ascertain if Neel had been successful in his mission, defendant went to the barn on the same errand. Neel had done some business for Garver at a previous date, frequently hung around his place and was a friend of defendant. Neel testified that his business was that of investment broker and patent attorney. After his arrest he dropped, on the floor of the barn, a very small account book,

which was introduced in evidence on the trial. Its contents are not easily deciphered or classified. It contains names, addresses, and what appears to be telephone numbers. Also two or three pencil sketches of what seem to be pipe connections, and such entries as "91 Gal. at 6.80 each" and "30+61=618.50." It has no resemblance to the record of an investment broker, very slight similarity to that of a patent attorney, but might well be the memorandum book of a "bootlegger." Neel also testified that he had never given an order for boxes to the box department of the Hallack & Howard Lumber Company, or to anyone else, and had never gone under the name of "H. Wilson." Frank Hough, the superintendent of that department, however, identified Neel as a man who, on August 5, 1925, under the name of "H. Wilson," gave him such an order and to whom he gave a receipt for $8.50. That receipt was found in the barn and identified by Hough.

Indulging every presumption in favor of the story of defendant and Neel which credulity can sanction, it still leaves the impression of a grotesque mask to hide the face of truth. The facts fail to fit that story. The case is one of conflicting evidence. The jurors saw and heard the accused and apparently were not favorably impressed thereby. We cannot disturb their finding.

The supersedeas is denied and the judgment affirmed.

Mr. Chief Justice Allen and Mr. Justice Adams concur.