No. 12,864.

HOLT *v*. THE PEOPLE.
(1 P. [2d] 921)

Decided July 6, 1931.

Mr. CHARLES E. ROBERTS, Mr. THOMAS RYAN, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. EDWARD J. PLUNKETT, Assistant, for the people.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

CHARLES Holt, plaintiff in error, who will hereinafter be referred to as defendant, was tried on a three-count information charging him with the unlawful and felonious possession, operation, and ownership of a still, used, designed, and intended for the manufacture of intoxicating liquors. He was found guilty on the count charging operation, and not guilty as to the other two counts.

From a judgment pronounced on the verdict, he prosecutes this writ, assigning as error: (1) Improper and prejudicial argument of the district attorney; (2) improper withholding of evidence by the district attorney; (3) improper cross-examination of defendant, and (4) inconsistency of verdicts.

The officers found, in an upstairs room in a house in Denver, Colorado, a still, which was intact and ready for operation. One Boone, who claimed to reside in the house where the still was found, and one Alma Harper, who was in the house at the time of the discovery of the still, and claimed to be a frequent visitor at this house, were arrested, and, at the trial, both testified that the still was owned, operated, and possessed by defendant. There was other evidence tending to connect defendant with the operation of the still.

■ 1. The argument of the district attorney was not reported, but we find in the bill of exceptions the statement of the attorney for defendant as to what was said, and also that of the district attorney. The district attorney, according to the statement of defendant's counsel, "* * * adverted to what he termed glaring evidence of bribery and fraud on the part of the defendant. Further, he alluded to his conclusion that the defendant Holt was and had been for some years prior to the time of the trial residing and living with a common-law wife." The district attorney's statement with reference to these matters is: "* * * My statement was, that from the moment this case got into the hands of the district attorney it had reeked of bribery, that the evidence of the witnesses who testified showed that there was a strong evidence of bribery; and the jury had heard and seen the evidence. And I recall that my statement on the question of the common-law wife was predicated * * * on the further testimony of witnesses Lahey and Wilson * * * that this woman was not the wife of defendant but the woman with whom he was living." The witness Harper, on cross-examination, testified:

"Q. What's this other two-thirds of secrets around here you won't tell? A. If you want me to tell it, I'll tell it.

"Q. Yes, go ahead, tell it all. A. After they raided the place I went down to Mr. Holt's house, and the police came there that evening, and Holt said to them: 'Why did you go up there and knock my still off for? You know that's my can.' They said, 'We didn't know it.' 'Well,' he said, 'I've been paying you to lay off my place.' They said, 'We didn't know it was your place.' He said to them, 'Do you think I have to put my still out in the middle of the street for you to see it, when I'm paying you for it? You don't care whether the still is mine or not if you get the money.'"

The evidence on the question of bribery was sufficient to justify the comment. Witnesses Boone and Harper

testified that defendant had stated to them that there was no chance of trouble with reference to the still, as he had arranged for police protection, and that if some officer came there, to simply say to him that he, defendant, was the owner, and it would be all right. On the question of defendant's common-law marriage, the trial judge either found that the district attorney did not make the remark, or, if he did, it was not prejudicial. In this state of the record, we are not warranted in disturbing the finding of the trial court.

2. The district attorney subpoenaed several witnesses, but at the trial failed to call all of them, and the defendant, in order to obtain some testimony which he considered favorable to his defense, called one of these witnesses. We know of no law that compels the people to actually call and examine each witness endorsed on the information, and we can conceive of no possible prejudice to the defendant by reason of this failure on the part of the district attorney.

3. The defendant complains of improper cross-examination. The record discloses that the district attorney asked the defendant, on cross-examination, as to his several convictions for violation of the prohibitory law, and the operation of disorderly houses, and also about informations jointly charging him and others with a violation of the liquor law, but upon which informations defendant was not tried, because his codefendant plead guilty and was either sentenced or fined, and the charge against defendant was thereupon dismissed. Assuming that a cross-examination, concerning charges upon which there was no conviction of the defendant is improper, there was no proper objection made thereto, and, where defendant himself admitted several prior convictions, this evidence, under the circumstances of this case, was not prejudicial.

4. The defendant was charged with ownership, possession, and operation of a still. He was found not guilty as to the ownership and possession, but guilty of

operation. Defendant argues that this is an inconsistency in verdicts entitling him to a reversal. In *McClary v. People,* 79 Colo. 205, 208, 245 Pac. 491, it is said: "It is said that guilt of operating a still is inconsistent with innocence of owning or possessing a still. We do not know what the jury found on the first two counts, but the operation of a still does not, of necessity, involve its ownership or possession by the operator."

In the instant case, with the knowledge as to the verdicts on the defendant's guilt as to the ownership and possession, we adhere to the announcement in the McClary case, supra.

In the instant case, two witnesses testified positively that defendant made an arrangement for them to move into the house where the still was found; that he paid the rental therefor; that he paid, or agreed to pay, installments on the furniture which one of the witnesses had purchased, and which defendant had moved into the house where the officers found the still; that defendant brought the still there, put it together so it could be operated, and actually operated it for a considerable period of time. All this was flatly denied by defendant, but the jury found him guilty, evidently believing the people's witnesses, and wholly disbelieving the testimony of the defendant. The evidence was ample to warrant the jury's verdict. No prejudicial error was committed in his trial, and the judgment is affirmed.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Hilliard concur.