MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
On December 24, 1971, defendant-appellant, Edgar M. Neal, pleaded guilty to first-degree murder and was sentenced to life imprisonment in the state penitentiary. Eleven months later he filed a motion, pursuant to Crim. P. 35(b), seeking to have the plea and sentence set aside on the grounds that his plea was involuntary. After conducting the evidentiary hearing, the trial court denied the motion and defendant appeals. We find no merit in defendant’s appeal and, therefore, affirm the trial court’s ruling.
Defendant’s plea was a result of plea bargaining. It appears from the record that while committing a robbery defendant shot and killed the owner of the store and wounded a customer. He was charged with three counts: (1) first-degree murder of the owner, C.R.S. 1963, 40-2-3; (2) assault to murder the customer, C.R.S. 1963, 40-2-34; and (3) assault with a deadly weapon on the customer, C.R.S. 1963, 40-2-34. Defendant pleaded guilty to first-degree murder and the remaining charges were dismissed.
 In his 35(b) motion defendant alleged that his defense attorney erroneously advised him that if he was convicted on the several counts, the trial court could and probably would sentence him to consecutive terms. Defendant’s trial attorney appeared as a witness for the People at the 35(b) hearing. He testified that after hearing the evidence at the preliminary hearing and after examining the results of his investigation into the case, he became convinced that there was really no defense to the charges and that since the shooting was unprovoked, the aggravated circumstances might very well give rise to the death penalty. He said he also pointed out that under the law the defendant could receive consecutive sentences for the charged crimes, and the trial judge might very well give him such sentences. He also stated that he advised the defendant that it was up to the defendant to *363 make the decision as to whether he would accept the deal, and that he further told the defendant that if he wished to go to trial, he (the attorney) would certainly defend him.
Defendant now contends that since the respective crimes arose out of the same criminal episode, the trial court could have sentenced him only to concurrent terms and that he was therefore misled by his attorney. As a matter of fact, defendant could have .been sentenced consecutively on at least two of the counts. DeBose v. People, 175 Colo. 356, 488 P.2d 69. We find no error in the trial court’s determination that defendant was properly advised by able and competent counsel.
Accordingly, the judgment is affirmed.