No. 25866

## The People of the State of Colorado v. John A. Morgan

(539 P.2d 130)

Decided August 18, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Janet Lee Miller, Assistant, for plaintiff-appellee.

John A. Morgan, pro se.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant was charged and convicted of two counts of aggravated robbery in violation of 1967 Perm. Supp. C.R.S. 1963, 40-5-1,[1] and two counts of conspiracy to commit robbery in violation of C.R.S. 1963, 40-7-35.[2] All four charges were based on the same episode in which the owner and several patrons of the Columbine Steak House in Denver were robbed. Appellant was sentenced to the state penitentiary on the robbery counts for concurrent terms of 35 to 38 years. On the first conspiracy count, appellant was sentenced to a term of eight to nine years in the penitentiary to run consecutively to the terms imposed on the robbery counts. On the second conspiracy count, appellant received a sentence of eight to nine years to run concurrently with the sentences on the robbery counts. We affirm the judgment of conviction.

The People's evidence showed that appellant and a confederate entered the restaurant at two o'clock a.m. on February 20, 1972, and ordered coffee. In a few minutes they left, and later returned with guns and proceeded to rob the owner of the restaurant and several patrons. During the robbery they pointed the guns at their victims and fired at least three shots. They succeeded in obtaining $350 and fled in a waiting automobile.

By chance the robbery was observed by Detective Wright of the Denver Police Department. He immediately broadcast an alarm asking for assistance. Appellant and his confederate were apprehended after a short chase which ended when their vehicle smashed into a parked car.

I.

Appellant's first ground for reversal is based upon the fact that he was convicted of two counts of conspiracy which arose out of a single criminal episode. In *People v. Bradley*, 169 Colo. 262, 455 P.2d 199, this court held that conspiracy constitutes a single offense even though the agreement upon which the charge is founded contemplates the performance of several acts.

■ The attorney general confesses error in this regard but asserts that no prejudice to appellant resulted in that appellant was sentenced on

---

[1]Now section 18-4-301, C.R.S. 1973.
[2]Now section 18-2-201, C.R.S. 1973.

the second conspiracy count to a concurrent term with those imposed on the robbery counts. We agree that under these circumstances appellant was not prejudiced by the submission to the jury of the two conspiracy charges and the resultant convictions thereon. *People v. Brown*, 185 Colo. 272, 523 P.2d 986.

■ Nor do we find error in the consecutive sentence imposed by the court on the first conspiracy count. The following cases applicable here have held that conspiracy is a separate and distinct offense from that which is the object of the conspiracy, and as such may be punishable by a consecutive sentence. *People v. Neal*, 183 Colo. 361, 517 P.2d 391; *People v. Sharpe*, 183 Colo. 64, 514 P.2d 1138; *DeBose v. People*, 175 Colo. 356, 488 P.2d 69.

## II.

Appellant's next ground for reversal is that the court erred in not declaring a mistrial, because the district attorney failed to comply with a pretrial discovery order. We find no prejudicial error in this regard.

Appellant contends that the district attorney withheld documentary evidence that the court had ordered to be furnished defense counsel at least three days prior to trial. The evidence consisted of an offense report, an interdepartmental police report prepared by Officers Pulford and Stewart, and an interdepartmental letter written by Detective Wright. The court's order related to the production of all statements, written, reported or otherwise transcribed or summarized in writing, of endorsed or material witnesses. The particular documents which were not furnished prior to trial were delivered to counsel at the conclusion of direct examination of the witnesses involved and prior to cross-examination. Crim. P. 16(i).

■ Concerning the offense report, although it was signed by the complaining witness, the court ruled it was not within the scope of the order as it was not a statement of a witness. It was, in fact, a compilation of information relating to the commission of the crimes. Furthermore, counsel for appellant admitted he had seen it sometime prior to trial.

■ As to the documents prepared by Officers Pulford and Stewart and Detective Wright, the court found these to be internal police documents and not within the purview of the discovery order. We do not disagree with this finding.

More importantly, however, appellant failed to demonstrate any prejudice by reason of the alleged denial of discovery by the district attorney. Accordingly, this is not a valid ground for reversal.

## III.

Appellant's final ground for reversal is that the court abused its discretion in sentencing appellant to consecutive terms of not less than 43 nor more than 47 years, which constitutes cruel and unusual punishment. He seeks review of these sentences.

In *People v. Knight*, 185 Colo. 364, 525 P.2d 425, this court held that sentence review under 1971 Perm. Supp., C.R.S. 1963, 40-1-509,[3] was not available to one prosecuted and sentenced for any offense commit-

---

[3]Now section 18-1-409, C.R.S. 1973.

ted prior to July 1, 1972. Therefore, review of appellant's sentences under that statute is not available.

In view of appellant's charge, however, that the sentences amounted to cruel and unusual punishment, we have examined the sentences in light of the constitutional limitations. We note initially that the sentences are within the limits authorized by statute. In our opinion, the combined consecutive sentences do not shock the conscience of the court in view of the nature of the offenses and the violence demonstrated by appellant and his confederate at the time of the robbery. Furthermore, the record suggests that appellant had several prior felony convictions. There is nothing to show that the sentences imposed were within the prohibition of the Eighth Amendment to the United States Constitution or Section 20 of Article II of the Colorado Constitution. Appellant's remedy for relief is by application to the executive department for commutation of his sentences. *People v. Fulmer*, 185 Colo. 366, 524 P.2d 606; *Trujillo v. People*, 178 Colo. 136, 496 P.2d 1026; *Harris v. People*, 174 Colo. 483, 484 P.2d 1223; *Normand v. People*, 165 Colo. 509, 440 P.2d 282.

We consider appellant's other arguments for modification of the sentences to be without merit.

The judgment is affirmed.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.