568 P.2d 65 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Darrel Wayne STEWART, Defendant-Appellant.
No. 76-120.
Colorado Court of Appeals, Div. III.
March 17, 1977.
Rehearing Denied May 5, 1977.
Certiorari Denied August 29, 1977.
*66 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary J. Mullarkey, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Carol L. Gerstl, Deputy State Public Defender, Denver, for defendant-appellant.
STERNBERG, Judge.
Defendant Darrel Wayne Stewart appeals his conviction of sexual assault on a child, second degree kidnapping, attempt to commit rape, deviate sexual intercourse by force, felony theft, and second degree burglary. We affirm.
*67 Stewart's first contention of error is that the trial court improperly permitted a police officer who investigated the case to testify about a witness' prior inconsistent statement. There was no error.
Section 16-10-201, C.R.S.1973, provides:
"(1) Where a witness in a criminal trial has made a previous statement inconsistent with his testimony at the trial, the previous inconsistent statement may be shown by any otherwise competent evidence and is admissible not only for the purpose of impeaching the testimony of the witness, but also for the purpose of establishing a fact to which his testimony and the inconsistent statement relate, if:
(a) The witness, while testifying, was given an opportunity to explain or deny the statement, or the witness is still available to give further testimony in the trial; and
(b) The previous inconsistent statement purports to relate to a matter within the witness's own knowledge." (emphasis supplied)
Shortly after the crime, the witness, who lived in the same building as Stewart, told the investigating officer that, upon being awakened by a car, she saw Stewart carry a small child, matching the victim's description, in and out of the building where she lived. At trial, however, the witness testified only that she had been awakened by a car and had heard someone come into the building. The investigating officer was permitted to tell the jury of the contents of the witness' statement as made to him.
There can be no doubt but that a contradiction existed between the in-court and out-of-court statements. Indeed, the witness stated at trial, "I did not see any man carrying anything up or down the steps." Consequently, § 16-10-201, C.R.S.1973, is controlling. People v. Hawthorne, Colo., 548 P.2d 124 (1976). While the witness was not given an opportunity to explain or deny the inconsistent statement, the statute was complied with in that she was still available for testimony as the record unequivocally demonstrates.
Stewart, however, argues that a "logical" reading of the statute requires that the section relating to the witness' availability does not apply when a party seeks to impeach his own witness. No authority is cited for such a proposition and the statute draws no such distinction.
In effect what Stewart asks us to do is to hold that a party may not impeach his own witness. At common law one could not impeach his own witness absent surprise or hostility. See generally McCormick on Evidence § 38 (E. Cleary 2d ed.). Section 16-10-201, C.R.S.1973, however, changes this rule and, in a criminal trial, if a witness has made a prior inconsistent statement purporting to relate to a matter within his knowledge, that fact may be shown where, as here, the safeguards of subparagraph (a) of the statute are met. Consequently, the trial court was correct in permitting testimony as to the prior inconsistent statement of the witness. See People v. Hawthorne, supra; People v. Bastardo, Colo., 554 P.2d 297 (1976).
Stewart next asserts that the trial court erred in permitting another detective to testify to prior consistent statements of the victim contending that they were neither part of the res gestae nor inconsistent with her in-court testimony. We hold that the statements were part of the res gestae and therefore testimony reporting those statements was admissible as an exception to the hearsay rule.
In Baney v. People, 130 Colo. 318, 275 P.2d 195 (1954), the court quoted with approval the following definition of res gestae:
"Res gestae are events speaking for themselves, through the instinctive words and acts of participants, not the words and acts of participants when narrating events. What is done or said by participants, under the immediate spur of a transaction, becomes thus part of the transaction, because it is then the transaction that thus speaks."
We agree with Stewart that statements made long after the event in question are not part of the res gestae. See, e.g, *68 People v. Gilkey, 181 Colo. 103, 507 P.2d 855 (1973) (12 hours after); Baney v. People, supra (more than 12 hours after). However, the key to the res gestae exception to the hearsay rule is that the statement in question be "stimulated by the excitement of the occasion" and that it be "made under such circumstances as to preclude contrivance or fabrication." 2 C. Torcia, Wharton's Criminal Evidence § 297 (13th ed. 1972). Moreover, as regards sex crimes against children there is authority that the rule be applied more liberally. See 2 C. Torcia, Wharton's Criminal Evidence § 300 n.31 (13th ed. 1972) and cases cited therein.
In the instant case, the six-year-old victim had been removed from her home several hours earlier, was then sexually assaulted, and was left in an isolated area tied to a tree. She remained in that position for some seven hours. Within two hours from the time she freed herself, the victim spoke to police officers. In the interim she had been found by people who testified that she did not say much and that she appeared to be in a state of shock.
Under these circumstances, the time lapse of two hours was not so long as to render the statements unreliable. While she did not relate the details of her ordeal to the people who found her, the child did tell them to the police officer, the first person in authority that she saw. It cannot be said that the statement did not relate "to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed.Rules of Evidence, Rule 803(2).
Moreover, there is neither the assertion nor the slightest indication that the statements were fabrications. It was therefore not error for the trial court to admit, through the testimony of the police officer, the statements made by the child within two hours after she released herself from the tree to which she had been tied. See People v. Gomez, 184 Colo. 319, 519 P.2d 1191 (1974); De Salvo v. People, 98 Colo. 368, 56 P.2d 28 (1936).
Stewart's final contention is that there is no evidence as to the value of the car that he was convicted of stealing and that thus his conviction of felony theft must be reversed.
If the evidence was insufficient to establish the value of the car was $100 or more, Stewart would ordinarily be entitled to a remand on this charge for entry of a conviction of petty theft and resentencing. People v. Codding, Colo., 551 P.2d 192 (1976). Here, however, any error which might have been committed was harmless. Stewart received concurrent 10 year sentences on the theft count and the sexual assault and kidnapping counts and also he was given a sentence of an indeterminate term to five years on the attempted rape count, and 25-35 years on the deviate sexual intercourse by force and second degree burglary counts; therefore, we are required by the doctrine of stare decisis to hold that Stewart was not prejudiced by the trial court's actions. See, e. g., People v. Brown, 185 Colo. 272, 523 P.2d 986 (1974).
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.