The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ronald H. LANCASTER, Defendant-Appellant.

No. 78–066.

Colorado Court of Appeals, Div. I.

Nov. 8, 1979.

Rehearing Denied Nov. 29, 1979.

Certiorari Granted Jan. 28, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Lee Belstock, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN, Judge.

Defendant, Ronald Lancaster, appeals his jury conviction of sexual assault without force on a child. Defendant asserts as error the admission into evidence of the victim's statement to her mother as part of the *res gestae,* and the determination that the victim's seven-year-old brother was competent to testify. We affirm.

The evidence, viewed in the light most favorable to the jury's verdict, *People v. McCollum,* 38 Colo.App. 283, 555 P.2d 184 (1976), discloses that on the evening of September 3, 1977, defendant stopped by the home of the victim's mother and asked for permission to take her children to the grocery store with him. The mother consented, as she had done in the past, and the defendant left at about 7:15 p. m. with the victim, a two-year-old girl, and her brother, age seven.

At approximately 7:30 p. m., defendant's landlady saw a little boy playing on the porch of the house in which defendant rented a sleeping room. She testified that the child had been there close to 25 minutes. The landlady went to defendant's room and knocked on the door which was locked.

When defendant, after a delay, opened the door, the landlady saw the victim on the bed "with her bloomers off." The child appeared unhurt. By way of explanation, the defendant stated that "she had to go to the bathroom." The bathroom was located across the hall from defendant's room.

The police were called and defendant fled the premises. The police found the victim lying on the bed wearing only a white blouse and shoes and socks. One of the officers dressed the child and took her and her brother, who was outside, back to their mother's residence. When the investigating officer returned the victim to her mother, at approximately 7:45 p. m., the victim immediately exclaimed, "Ron hurt my pee-pee, Momma." The mother and children were then taken to the hospital.

During the physical examination of the victim at the hospital, a pubic hair was removed from her vaginal area. A criminologist from the Colorado Bureau of Investigation testified that, based upon the scientific tests he conducted, the hair, with a very high degree of probability, came from the defendant.

At the trial, the victim's mother was permitted, over defendant's objection, to repeat the statement made by the victim when she was brought home. Defendant contends that the trial court erred in allowing the hearsay statement of the victim into evidence as part of the *res gestae* because 1) the statement was made after the children were returned home, 2) the statement was ambiguous and did not relate to any particular event, and 3) the statement was made by a presumptively incompetent witness.

Determination of the admissibility of specific statements as part of the *res gestae* is within the sound discretion of the trial court. *Abeyta v. City and County of Denver,* 132 Colo. 472, 289 P.2d 918 (1955). Under the doctrine of *res gestae,* unsworn extrajudicial statements are admitted on the theory that they are spontaneous utterances, dominated and evoked by the transaction itself, and are not the result of premeditation, reflection, or design. *Archina*

*v. People,* 135 Colo. 8, 307 P.2d 1083 (1957); *People v. Stewart,* 39 Colo.App. 142, 568 P.2d 65 (1977). The rule is liberally applied with respect to sex crimes against children. *People v. Stewart, supra.*

■ Here, the victim made the statement about one-half hour after the incident, as soon as she was returned to her mother. This was sufficiently contemporaneous to be part of the *res gestae. People v. Stewart, supra; see People v. Gomez,* 184 Colo. 319, 519 P.2d 1191 (1974).

Defendant asserts that the statement was inadmissible, even though part of the *res gestae,* because the statement was made by one impliedly incompetent to testify. *See* § 13–90–106, C.R.S.1973. There are no Colorado cases on this point. However, in the vast majority of states where this issue has arisen, it has been held that the fact that the statement was made by one who was too young to be a competent witness did not preclude the admission of the statement as part of the *res gestae. State v. Hutchison,* 222 Or. 533, 353 P.2d 1047, 83 A.L.R.2d 1361 (1960); *Ortega v. State,* 500 S.W.2d 816 (Tex.Cr.App.1973); *Robinson v. State,* 232 Ga. 123, 205 S.E.2d 210 (1974). Also, the fact that the child is not present in court is irrelevant. *People v. Butler,* 249 Cal. App.2d 799, 57 Cal.Rptr. 798 (1967). We adopt the majority rule, and, therefore, find no error in admitting the statement into evidence.

■ Defendant next argues that the trial court erred in finding the victim's seven-year-old brother competent to testify. An in camera hearing was held at which both counsel were permitted to question the witness. The trial judge then overruled defense counsel's objection to the brother's competency and permitted the witness to testify.

Section 13–90–106(1)(b), C.R.S.1973, does not exclude all children under the age of ten from testifying, and the determination of the competency of a child to testify is within the sound discretion of the trial court. *Harris v. People,* 174 Colo. 483, 484 P.2d 1223 (1971). We find no abuse of discretion here in permitting the child to testify.

Judgment affirmed.

COYTE and KELLY, JJ., concur.