The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Douglas Scott SCHLEGEL,
Defendant-Appellant.

No. 78–772.

Colorado Court of Appeals,
Div. II.

Sept. 25, 1980.

Rehearing Denied Oct. 30, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Stephen R. Higgins, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, William L. Hunnicutt, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

RULAND, Judge.

Defendant, Douglas Scott Schlegel, appeals his conviction by a jury for holding hostages, attempted escape, and assault in the second degree. We affirm.

Evidence presented by the People shows that on August 13, 1977, Schlegel was confined in the Larimer County jail on a warrant charging him with first degree murder, conspiracy to commit murder, and second degree kidnapping. On that date, Schlegel and another inmate attempted to escape when a jailer opened their cell to deliver a pizza. Schlegel subdued the jailer by shoving her down on the floor, tying her hands, and gagging her. A second jailer heard the commotion and went to assist, but he was also captured and bound. However, other officers appeared, and both Schlegel and the other inmate were recaptured and returned to their cell.

Schlegel first contends that his counsel should have been permitted to cross-examine the jailer who opened the cell door in order to impeach her credibility by showing that she had been reprimanded by her superior for carelessness. The trial court sustained the People's objection on the grounds of irrelevance.

■ We recognize that the right of a criminal defendant to confront an accuser includes the right to a liberal cross-examination of the People's witnesses. *People v. Crawford*, 191 Colo. 504, 553 P.2d 827 (1976). Extensive cross-examination of the jailer was permitted including questions regarding her attitude towards Schlegel. In addition, evidence pertaining to the assault and the gagging of the jailer during the escape was uncontroverted, and any motive for revenge would not have been made ma-terially stronger by evidence of a personal reprimand. Hence, we do not view the limitations placed upon the cross-examination of this witness as reversible error. *See Johnson v. People*, 171 Colo. 505, 468 P.2d 745 (1970).

■ Schlegel's next contention is that the trial court erred in allowing into evidence a series of photographs of the jail area taken immediately after the escape attempt. Earlier, in response to a defense motion for disclosure of photographs, defendant's counsel received a report which included a reference to "photographs of blood samples taken." However, it was not until late on the evening before trial that defense counsel was provided with an additional report indicating the exact nature of these photographs. The report revealed that they were a series of photos of the jail area containing a view of a substance which appeared to be blood. It is apparently this portion of the pictures which the defendant finds prejudicial.

While we do not condone the prosecution's failure to comply with the discovery order, *see* Crim.P. 16, Part I(b)(3) and Crim.P. 16, Part I(d)(1), we do not view this non-compliance as reversible error. The inadequacy of the photographs' description appears to have been an oversight, the evidence was cumulative of testimony already given, and no prejudice to Schlegel otherwise appears from the record. *See People v. Morgan*, 189 Colo. 256, 539 P.2d 130 (1975); *People v. Grubbs*, 39 Colo.App. 436, 570 P.2d 1299 (1977).

Schlegel also asserts that the trial court erred in requiring him to wear a leg restraint during his trial. The record reflects that after the jury was selected and during the course of the trial, the sheriff requested, through the district attorney's office, that some kind of restraint be placed on Schlegel. This request was made "primarily because of the status of Mr. Schlegel's present incarceration in the state penitentiary" for convictions of first degree murder and conspiracy to commit murder. However, no evidence was presented to oth-

erwise establish the need for Schlegel's restraint.

Schlegel's counsel objected on the basis that such restraints would affect his ability to have a fair trial. However, the court ordered that a leg restraint be placed on Schlegel which would not be visible to the jury "without some activity of Mr. Schlegel himself." The leg restraint was approximately 15 inches long, four inches wide, and it contained six weights encased in leather. This device was placed on Schlegel's right ankle just above his shoe. It weighed five and one-half pounds. We conclude that, under the circumstances of this particular case, there was no error.

█ We recognize the constitutional "right of a prisoner undergoing trial to be free from shackles, unless he is shown to be a desperate character whose restraint is necessary to the safety and quiet of the trial . . . ." *Eaddy v. People*, 115 Colo. 488, 174 P.2d 717 (1946). The *Eaddy* court stated that the purposes of this right were to protect the defendant from jury prejudice which would be created by this form of physical restraint and to ensure his ability to assist in his own defense, without impairment of his mental faculties brought about by the embarrassment and fatigue associated with being manacled. *See Kennedy v. Cardwell*, 487 F.2d 101 (6th Cir. 1973), *cert. denied*, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974).

Here, Schlegel made no complaint in either his original or amended motion for new trial to the effect that the restraints so impaired his mental faculties that he was unable to assist in his defense, and the record fails to indicate any such impairment.

Defendant did complain in post trial motions that the leg restraints prejudiced him in the eyes of the jury. Pursuant to a remand from this court, the trial court conducted an evidentiary hearing on this issue. Six members of the jury testified together with attorneys who were present for the trial. The jurors were unanimous in their testimony that they neither observed the restraint nor heard the subject discussed in the jury room. The evidence from the trial attorneys was in conflict as to whether the leg restraint could have been observed by the jury. The trial court resolved this issue in its finding that the jury did not in fact observe the leg restraint or discuss it during its deliberations. Under these circumstances, and even assuming that the People failed to make an adequate showing to justify the use of restraints, we perceive no prejudice to the defendant from the trial court's order.

Judgment affirmed.

ENOCH, C. J., and STERNBERG, J., concur.