## No. 24810

# The People of the State of Colorado v. Charles Lucus Motley
(498 P.2d 339)

Decided June 26, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Richard C. Webster, Deputy, James S. Bertagnolli, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

Charles Lucus Motley, hereinafter referred to as appellant, or by name, appeals from his conviction for aggravated robbery. The sole issue to be decided here is whether certain remarks by the prosecutor in his closing rebuttal argument to the jury were prejudicial and improper to an extent requiring a new trial. We hold that the remarks of the prosecutor were not of a nature so prejudicial as to require a new trial, and therefore affirm the judgment of the trial court.

So that the decision of this court may be viewed in a proper perspective, we here set forth certain facts out of which the appeal arose.

One Presler and his wife, who operate a small grocery store in Colorado Springs, were robbed by two men, the taller of whom was armed. From several Polaroid color photographs, Mrs. Presler was able to identify appellant as the shorter of the two robbers. At appellant's trial, Mrs. Presler again identified appellant as the shorter of the two men and indicated that at the time of the robbery his hair was thicker and longer than usual for a Negro.

A young lady who had entered the store while the robbery

was in progress also testified that she was positive appellant was the shorter of the two robbers. This witness testified that at the time of the robbery, while appellant's hair was longer than that of his confederate, it "was short." Mr. Presler was then called to testify and identified appellant as the shorter of the two. On the question of hair length, he testified appellant's hair was longer at the time of the robbery than at the time of trial.

On appellant's case, Motley testified that his hair could not have been longer at the time of the robbery than at the time of trial because he was in the United States Army at the time of the robbery and had had his hair cut to Army regulation only five days earlier. Appellant's infantry platoon leader, Lieutenant James Wolfe, also testified that appellant's hair was longer at the time of trial than during the month in which the robbery occurred.

In closing argument defense counsel argued that, in the face of the defense testimony on the issue of the length of Motley's hair at the time of the robbery, doubt was created as to whether Motley was one of the robbers. The district attorney countered this argument in his rebuttal by the following statement:

"Now, as far as the hair is concerned, it is not uncommon with G.I.s with short haircuts to be wearing wigs. You probably don't know whether or not Mr. Motley. . ."

At that point defense counsel objected. The objection was overruled but the district attorney was warned against following that line of argument.

It is fundamental in Colorado that the scope of final argument rests in the sound discretion of the trial court. A trial court, ruling on questions regarding the scope of closing arguments, is exercising a discretion which will not be disturbed by an appellate court unless it is clearly apparent that in so ruling the trial court grossly abused its discretion, which abuse resulted in prejudice and a denial of justice. *Bizup v. People,* 150 Colo. 214, 371 P.2d 786; *Gallegos v. People,* 116 Colo. 129, 179 P.2d 272; *Jordan v. People,* 19 Colo. 417, 36 P. 218.

 We do not feel that the facts in the present case are such as to require reversal. The trial judge admonished the district attorney to cease the line of argument complained of herein, and he desisted immediately. Moreover, Instruction No. 13, given to the jury before final arguments, stated in relevant part:

"In arriving at your verdict, as to facts you can consider only evidence received by testimony or stipulation in open Court.* * * The remarks of the Court of counsel, counsel to the Court, or counsel to each other, are not evidence. Neither are opening statements or arguments of counsel evidence, but such opening statements and argument are made for the purpose of aiding you in comprehending the evidence and applying the law thereto.* * *"

In the absence of a showing to the contrary, it is presumed that the jury understood the instructions and heeded them. *Allarid v. People,* 162 Colo. 537, 427 P.2d 696; *Rhodus v. People,* 160 Colo. 407, 418 P.2d 42; *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236.

 Finally, an examination of the entire record reveals that the remark of the district attorney here in question was inconsequential when viewed against the host of evidence, upon which the jury could have based its determination of the appellant's guilt. No prejudicial error can be said to have resulted from such an incidental remark, and the evidence does support the conviction. *Rapue v. People,* 171 Colo. 324, 466 P.2d 925. *See Chapman, v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh. den.* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241.

The judgment of the trial court is affirmed.

MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.