No. 25312

## The People of the State of Colorado v. R. C. Gilkey
(507 P.2d 855)

Decided March 12, 1973.            Rehearing denied April 2, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jerry W. Raisch, Assistant, George W. Boyle, II, Assistant, for plaintiff-appellee.

H. D. Reed, for defendant-appellant.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, R. C. Gilkey, was tried jointly with another defendant on charges that were made following the burglary of a retail clothing store. The jury convicted the defendant of burglary, 1967 Perm. Supp., C.R.S. 1963, 40-3-5; theft, 1967 Perm. Supp., C.R.S. 1963, 40-5-2; and conspiracy, C.R.S. 1963, 40-7-35. Gilkey's conviction is based upon circumstantial evidence. On appeal, he asserts that the evidence was insufficient to sustain his conviction and that the conduct of the district attorney requires reversal and a new trial. In addition, he claims that the court improperly instructed the jury and improperly denied the admission of an exculpatory statement which he made to the police following his arrest. In our judgment, the evidence justified the submission of the case to the jury. *Corbett v. People,* 153 Colo. 457, 387 P.2d 409 (1963); *Militello v. People,* 95 Colo. 519, 37 P.2d 527 (1934).

A review of the facts places the case against the defendant in proper perspective. The sound created by the breaking of the glass in the front door of King's Casuals alerted a tailor

who had a shop nearby. The tailor saw, from a distance of approximately 125 feet, a tall Negro male leaving the front door of King's Casuals with his arms laden with clothing. The tailor alerted the police at approximately 8:30 p.m. A police officer responding to the call saw a white Chevrolet automobile in the vicinity, stopped at a stop sign, with its lights off, and noted the license number and the fact that four Negro males were in the car. He relayed the information to police headquarters and went on to the scene of the burglary. Thereafter, at approximately 10:00 p.m., the police saw a white Chevrolet automobile with the reported license number at the residence set out in the motor vehicle records. Four Negro males were in the car, and the defendant was sitting in the right front seat. The two males in the back seat were covered with the clothing which had been stolen from King's Casuals. A tire was also found in the back seat among the clothing that had been stolen. All four of the occupants of the car were arrested.

Nearly twelve hours after the defendant, Gilkey, was placed under arrest, he gave an exculpatory statement to the police, claiming that he had been picked up by the car owner to take a tire from his car to be repaired. He contends that the statement was admissible and should have precluded the instruction that recent and unexplained possession of stolen property is evidence of participation in theft or burglary. The district attorney objected on the ground that the statement was hearsay and his objection was valid. The defendant's explanatory statement was not so contemporaneous that it could be considered part of the *res gestae*. *Balltrip v. People*, 157 Colo. 108, 401 P.2d 259 (1965). *See Young v. People*, 175 Colo. 461, 488 P.2d 567 (1971); *Archina v. People*, 135 Colo. 8, 307 P.2d 1083 (1957); *Henderson v. State*, 163 Tex.Cr.R. 153, 289 S.W.2d 274 (1956). Defense counsel also seeks a reversal as a result of the objection which the district attorney made at the time the defendant's statement to the police was offered into evidence. When defense counsel asked the police officer about the exculpatory statements which Jackson and Gilkey made, the

district attorney objected on the basis that the statements were hearsay and said, "He can take the witness stand if he so desires like any other witness in this case. I object to any questions concerning anything that was said." The objection, in the eyes of defense counsel, merits reversal under the mandate of *Griffin v. California* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). *Griffin v. California, supra,* prohibits a district attorney from commenting on the defendant's failure to take the stand. Under the circumstances of this case, we find that the error complained of was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The court instructed the jury that the arguments, objections, and statements of counsel were not evidence and should not be considered. The trifling comment that occurred in the heat of trial did not impinge upon the defendant's right to silence and did not constitute reversible constitutional error. *See People v. Calise,* 179 Colo. 162, 498 P.2d 1154 (1972); *United States v. White,* 444 F.2d 1274 (5th Cir. 1971); *People v. Hill,* 66 Cal.2d 536, 58 Cal. Rptr. 340, 426 P.2d 908 (1967). *See generally, Annot.,* 24 A.L.R.3d 1093 (1969).

Accordingly, we affirm.

MR. JUSTICE KELLEY does not participate.