## No. 25797

## The People of the State of Colorado v. Moses I. Martinez
(523 P.2d 120)

Decided June 10, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from convictions of one count of burglary and two counts of theft. The appellant presents several issues, all related to one serious procedural error which requires remand to the trial court for a new suppression hearing. No errors are assigned which will not be resolved by the subsequent proceedings.

I.

The defendant contends he was denied a meaningful impartial hearing on two motions to suppress because the trial judge could not be objective in his resolution of the motions.

The relevant facts which antedate the motion to suppress require but brief discussion. Martinez and one Maestas were charged with the burglary of, and theft from, a liquor store and theft from an automobile. They were arrested the day following the alleged incidents and placed in jail. While in custody, they gave an incriminatory statement to authorities, in which they admitted the commission of the crimes. The statement was recorded, transcribed and later admitted at trial.

At the hearing prior to trial on motion to suppress the statement, the district attorney failed to appear. Despite his absence, the court did not continue the matter but ordered the hearing to proceed. Following defense counsel's challenge of the voluntariness of the statement, the trial judge assumed

the role of the district attorney. The court not only moved *sua sponte* for the admission of the transcript of the preliminary hearing into evidence, but called witnesses for the People, examined them and cross-examined defense witnesses. He made *sua sponte* objections to defense counsel's questions and ruled on objections made to his own questions — many leading ones.

## II.

In our view, this assumption of the role of advocate for the prosecution is inconsistent with the proper function of the judiciary and constitutes reversible error. The judiciary of this state is but one of the three branches of government, *Colo. Const.* Art. III, independent of the other two. The role of the judiciary, if its integrity is to be maintained, is one of impartiality. *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); Canon 1, *Colorado Code of Judicial Ethics* (1973). The duty to be impartial cannot be fulfilled where, by his active role in the presentation of the prosecution's case, a trial judge calls witnesses, presents evidence and cross-examines defense witnesses. These are the acts of an advocate and not a judge. As we said in *Harthun v. District Court,* 178 Colo. 118, 495 P.2d 539 (1972): "[T]he semblance of due process is a sham when the judge is both prosecutor and judge."

The question presented below was whether the defendants' statement to the authorities was voluntary. The burden of proof in such issues lies with the People, for it must be shown by the preponderance of the evidence that the statements were made voluntarily. *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). The burden could not be met without the People putting on evidence. The evidence must be produced by the prosecution, not the judiciary.

Jurisdiction of this cause is retained, and the matter is remanded to the trial court for a new hearing on the motions to suppress. A transcript of the evidence and the findings of the court shall be returned to this court with leave to raise additional arguments, if any, which may be directed to the new proceedings and findings. If it is determined that the

evidence should not have been suppressed and was admissible at the trial, then the judgment will be affirmed. If suppression of the evidence is ordered by the trial court, reversal and a new trial will be required.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.