No. 26088

**The People of the State of Colorado v. Dave James Pesis**

(536 P.2d 824)

Decided June 16, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Hoyman, Maguire, Davies & Nanney, B. Maguire, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of dispensing a dangerous drug under 1971 Perm. Supp. C.R.S. 1963, 48-8-2.[1] Defendant asserts that he was deprived of his right to a fair trial because of prejudicial comments by the district attorney during closing arguments, and because of ineffective assistance of trial counsel.[2] We are unable to agree with these contentions, and affirm.

The prosecution called several witnesses. Douglas Rogers testified that, on May 6, 1972, Don Howard came by his house in Wray, Colorado, at about 1:30 or 2:00 in the afternoon; that they took a ride in the car, during which they talked about obtaining some "dope and stuff"; and that he indicated to Howard that he wanted to buy some. He then testified that the defendant and a companion followed them in another car to a junk-yard nearby, where a purchase of three tabs of LSD was made for ten dollars. Rogers stated that the defendant received the money and handed the LSD to Howard, who then gave it to Rogers. Rogers testified that at

---

[1] Now section 12-22-404, C.R.S. 1973.
[2] Other counsel appear here.

about 2:00 the next morning, after taking one of the tabs, he was arrested for assault, drunken driving, and careless driving; and that he was taken to the hospital, and then to jail.

The People called the sheriff of Yuma County, who testified that he saw the defendant and his car in Wray around 1:00 p.m. on May 6, 1972 at an auction of property belonging to an estate.

The defendant presented an alibi defense. The defendant's father testified that he was with the defendant in Englewood, Colorado shortly after 2:00 p.m. on May 6, when the defendant left to go to Wray, about 180 miles away.

Don Howard's father testified that his son was working all day on a farm outside of Wray; and that he had taken him there at 8:00 a.m. and picked him up from there at approximately 5:00 that afternoon. The owner of the farm also testified that Don Howard worked for him on May 6, 1972, and that he had worked with him all day, and had eaten with him during the day. Don Howard testified to the same facts. The defendant testified that he had been in Englewood, that he left about 2:15 or 2:30 that afternoon, and that he had arrived in Wray at about 6:00 p.m.

The district attorney did make some inaccurate or improper statements during closing argument. With the one exception noted below there were no contemporaneous objections. The prosecutor stated inaccurately:

"He [Pesis] got up at 1:00 or 1:30, Don Howard came to his house, they rode around awhile and eventually ended up out here on the hill, exchanged for the LSD, the three tabs, and left."

The prosecutor noted that the defendant's father had testified that he owned a furniture and antique store. He then stated that the defendant must be interested in the same work, and that it was natural that he would be attending the estate sale where the sheriff had said he had observed him. There is no evidence in the record of such an interest on the part of the defendant.

The prosecutor further stated that the defendant had purchased his automobile only that morning. The evidence was the defendant's testimony to the effect that he had purchased it on an earlier date, and that on May 6th he was trying to obtain a title to the car.

The prosecutor also made a statement to the effect that, if the jury believed the argument made by defense counsel, then the jury would also believe that the law enforcement officers in Yuma County go out and arrest people "for the hell of it." Here defense counsel objected. After the objection was overruled, the court then again mentioned that arguments are not testimony.

I.

■■■ The statements of the district attorney were ill-advised. We rule, however, that they were not sufficiently material or misleading to constitute reversible error. The jury was fully instructed — and even was reminded by the district attorney in closing argument — that arguments of counsel are not evidence. It is presumed, absent a clear showing to the

contrary, that the jury understood and heeded this instruction. *People v. Gilkey*, 181 Colo. 103, 507 P.2d 855 (1973); *People v. Motley*, 179 Colo. 77, 498 P.2d 339 (1972).

■ As this court stated in *People v. Motley*, 179 Colo. 77, 498 P.2d 339 (1972),

"It is fundamental in Colorado that the scope of final argument rests in the sound discretion of the trial court. A trial court, ruling on questions regarding the scope of closing arguments, is exercising a discretion which will not be disturbed by an appellate court unless it is clearly apparent that in so ruling the trial court grossly abused its discretion, which abuse resulted in prejudice and a denial of justice." *See also Lee v. People*, 170 Colo. 268, 460 P.2d 796 (1969).

## II.

■ Defendant contends that he was deprived of effective assistance of counsel. He alleges that defense counsel made no attempts at discovery, and failed to present the alibi defense competently to the jury. Although apparently no prior discovery was made, the alibi defense was presented through the testimony of six witnesses. These witnesses discredited the story of the prosecution witnesses, and also accounted for defendant's presence at the time of the offense. It is true, that the result desired by the defendant was not reached, but this is not the test of the effectiveness of counsel.

■ We have here the same situation as existed in *Martinez v. People*, 173 Colo. 515, 480 P.2d 843 (1971), wherein it was said:

"The record does not disclose any flagrant shortcomings of the trial attorney from which we could conclude he was guilty of palpable malfeasance, or that the representation received at trial was so inadequate as to constitute a farce, mockery or sham."

Attention is directed to *Steward v. People*, 179 Colo. 31, 498 P.2d 933 (1972); *Hampton v. People*, 171 Colo. 101, 465 P.2d 112 (1970), and *Johnson v. United States*, 380 F.2d 810 (10th Cir. 1967).

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES do not participate.