The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Benny J. TRUJILLO,
Defendant-Appellant.

No. 78–784.

Colorado Court of Appeals,
Div. III.

Dec. 11, 1980.

Rehearing Denied Jan. 2, 1981.

Certiorari Denied March 16, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Robert C. Lehnert, Denver, for plaintiff-appellee.

Lawrence J. Schoenwald, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals jury-trial convictions of second degree burglary of a dwelling and second degree burglary of a building. We reverse and remand for a new trial.

Evidence adduced at trial showed that on August 2, 1976, defendant, then 17 years of age, knocked on the door of a residential duplex in Greeley, Colorado, and, receiving no answer, entered by crawling through a

window. A neighbor observed this and alerted the police. They proceeded to the duplex, found defendant inside, and placed him under arrest.

At trial, a defense theory was that no crime had been committed because defendant had a lawful purpose for entering or remaining in the duplex. In support of this, defendant's sister testified that she asked him to retrieve some record albums she had lent to a boyfriend who assertedly occupied the apartment defendant entered. To the same effect was defendant's written statement to the police given some hours after his arrest.

## I.

On appeal, defendant first contends that the prosecutor, during his summation to the jury, made remarks that require reversal.

In summation, the prosecutor characterized defendant's written pre-trial statement as "riddled with lies." The prosecutor referred to specific parts of the statement using the following phrases:

"Caught in a lie . . ."

. . . .

"[Defendant l]ied there."

. . . .

"He [defendant] lies . . ."

. . . .

"Another lie."

. . . .

"His [defendant's] statement is full of lies."

The prosecutor addressed the jury with like commentary concerning the trial testimony of defendant's sister:

"Testimony again full of lies."

. . . .

"Obviously, another lie . . . ."

. . . .

"[S]he [defendant's sister] has in fact, lied."[1]

Since trial counsel, who does not represent defendant on this appeal, raised no contemporaneous objection to any of the quoted statements, and failed to refer to them in the motion for new trial, the threshold question is whether this court is thus barred from considering them as a basis for reversal.

> "Appellate review is generally limited to those errors which are presented to the trial court for its consideration by a motion for new trial. Crim.P. 33(a). An exception to this broad general principle is found in Crim.P. 52(b). It permits an appellate court to consider an alleged error which was not brought to the attention of the trial court if the error affects the substantial rights of the defendant and it was 'plain error.'"

*Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1978). We hold that the challenged comments constitute plain error affecting defendant's substantial rights.

The truthfulness of trial testimony is, of course, to be judged by the trier of fact, in this case, the jury. The prosecutor's efforts to circumvent that function in this case has been described as follows:

> "'It is unprofessional conduct for the prosecutor [in argument to the jury] to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.'"

*People v. Wright*, 182 Colo. 87, 511 P.2d 460 (1973), quoting with approval, A.B.A., *Standards Relating to the Prosecution Function & the Defense Function*, § 5.8(b) (Tentative Draft 1970).

> "Prosecutorial conduct in argument is a matter of special concern because of the possibility that the jury will give special weight to the prosecutor's arguments, not only because of the prestige associated with his office, but also because of the fact-finding facilities presumably available to him."

*A.B.A. Standards, supra*, commentary to

---

1. The quotations listed are adequate to convey the tenor of the prosecutor's remarks. However, he used language of like import many other times in his summation. The opening portion of that summation occupied eight full pages of transcript, and the rebuttal portion covered six-and-a-half pages. The remarks here involved are distributed over eight pages of that fourteen-and-a-half-page total.

§ 5.8. "If the state has a strong case, [prosecutorial misconduct] is not necessary, and if it has a close case, such misconduct is gross injustice to the defendant." *State v. Cyty*, 50 Nev. 256, 256 P. 793 (1927).

And, "while [the prosecutor] may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). As in *Berger*:

> "We have not here a case where the misconduct of the prosecuting attorney was slight or confined to a single instance, but where such misconduct was pronounced and persistent, with *a probable cumulative effect on the jury which cannot be disregarded as inconsequential.*" (emphasis added)

Moreover:

> "[t]his kind of argument is easily avoided by insisting that lawyers restrict themselves to statements which take the form, 'The evidence shows . . .' or some similar form. The experienced . . . advocate will say, for example, 'I leave it to you whether this evidence does not suggest . . .'"

*A.B.A. Standards, supra*, § 5.8, comment b.

The prosecutor in this case failed to comply with the dictates of *Wright* and *Berger*. And, his comments may not be deemed harmless, for we are not convinced "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Here, rather, we view the prosecutor's comments as having had "a probable cumulative effect on the jury which cannot be disregarded as inconsequential." *Berger, supra*. Further, if we were to view this conduct as harmless, we would be accepting as the commonplace that which is forbidden.

■ We are aware of courts' reluctance, absent manifest prejudice to the accused, to reverse convictions on grounds of improper prosecutorial summation. *See, e. g., People*

*v. Pesis*, 189 Colo. 52, 536 P.2d 824 (1975); *People v. Motley*, 179 Colo. 77, 498 P.2d 339 (1972). Where, however, prosecutorial misconduct is egregious enough to result in such prejudice, reversal is mandated. *Wright, supra*. Accordingly, the instant convictions must be reversed and a new trial granted.

## II.

■ Because it may surface anew on retrial, we also address defendant's contention that the trial court erred in admitting evidence of defendant's oral statements made when the police encountered him inside the duplex. It is urged that the trial court failed to make adequate preliminary findings of fact and conclusions of law respecting the voluntariness of the statements. We agree.

As to those statements, the trial court ruled as follows:

> "I find that they were voluntarily made. Although one or more of them may be subject to exclusion under other evidence, but I would not exclude them on the basis of lack of voluntariness."

This is insufficient. Testimony conflicted as to whether the statements were spontaneous ones, or, rather, were in response to a police question. *See Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Under such circumstances, in light of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and § 19–2–102(3)(c)(I), C.R.S.1973 (1978 Repl. Vol. 8), it was incumbent upon the court to make, at the outset, an *express* finding as to whether the statements at issue were uttered in response to police questioning. Only after that is done may further appropriate findings and conclusions be reached.

■ The burden of proving voluntariness lies with the People and must be met by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *People v. Martinez*, 185 Colo. 187, 523 P.2d 120 (1974). On retrial, the court should expressly find those underlying facts that lead it to conclude that the

statements given were voluntary or otherwise.

We have reviewed defendant's other contentions on appeal, and find them either to lack merit or to be unlikely to recur on retrial.

The judgment is reversed and the cause is remanded for further proceedings consistent herewith.

RULAND and KELLY, JJ., concur.