The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Louis P. RODRIQUEZ,
Defendant-Appellant.

No. 80CA0005.

Colorado Court of Appeals,
Div. I.

Aug. 13, 1981.

Rehearing Denied Sept. 10, 1981.

Certiorari Denied Dec. 14, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, James M. Piccone, Sp. State Public Defender, Richard P. Holme, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant, Louis P. Rodriquez, appeals the judgment of the trial court entered upon jury verdicts finding him guilty of aggravated robbery, conspiracy, and violent crime. We affirm.

There was testimony at trial that defendant, armed with a knife, and a companion

demanded money from a man and his wife, the owners of a liquor store. The wife produced a gun, and she and defendant were both shot as he grabbed her wrist. As they continued to struggle, defendant grabbed the gun, pointed it at her, and then fled. No money or liquor was taken. The robbery element of the charge is based upon defendant's taking the owner's gun. Defendant denied that he had a knife, denied that he had demanded money, and denied that he had taken the gun from the store.

## I

Defendant contends that his conviction should be reversed because a juror was not properly qualified. We disagree.

Approximately four weeks after the jury verdicts were rendered, defendant presented the trial judge with the affidavit of a juror which asserted that "in the course of the jury deliberation I was unable to read, speak and understand in the English language." The affidavit also asserted that the juror, upon inquiry of court and counsel, had stated that she was able to read, speak, and understand English. Another juror submitted an affidavit that, because of the first juror's language disability, she was required to act as her translator.

After hearing was held on this issue which was raised in defendant's motion for new trial, the trial court denied the new trial motion. We note that because of an agreement between trial counsel, the jury voir dire was not transcribed, nor does it appear from the limited record before us that defendant used all of his preemptory challenges. We further note that defendant's challenge of this juror for cause on the grounds that she could not understand legal concepts was denied by the trial court. This ruling is not asserted as error.

Defendant does not contend that this juror is unable to speak or understand English or that her English language difficulty was apparent during voir dire. Rather, defendant alleges, as the juror's affidavit expressly states, only that "in the course of the jury's deliberation, [the juror] was unable to read, speak and understand in the English language."

If the juror was, in fact, unable to read, speak, and understand the English language, then she would be disqualified by § 13–71–109, C.R.S.1973 (1978 Repl.Vol. 8). However, whether the juror was so impaired is a fact question for the trial court.

At the hearing, no evidence was taken, but the attorneys argued their respective positions. The district attorney recalled that the witness was asked repeated questions concerning the trial judge's representation of her when he was in private practice and that she evidenced no difficulty in her ability to speak and understand English.

The trial court after the hearing found: "The Court in viewing the responses of [this juror] in open court, the court found that [this juror] even though she may have had trouble understanding some of the legal instructions, which I think is not very uncommon with jurors, was not the type of person that could not read, understand or speak the English language. "She did not speak it, maybe as fluently as maybe some other people, but it was the court's feeling at that time that [this juror] did understand, was able to speak and was able to read the English language."

Since these findings by the trial court are not refuted in the record, they are binding on appeal. *Harris v. People*, 113 Colo. 511, 160 P.2d 372 (1945).

Insofar as defendant is now contending that, although this juror evidenced adequate language skills during voir dire, something occurred which rendered her unable to understand English during jury deliberations, the general rule is that a jury verdict cannot be impeached by jury affidavits as to the subjective understanding of jurors. *Martinez v. Ashton*, 124 Colo. 23, 233 P.2d 871 (1951). There is nothing here which would warrant a departure from this rule, especially since the jurors may have discussed this case with other persons after being excused from jury service. *See Martinez v. Ashton, supra; Cf. Wharton v. People*, 104 Colo. 260, 90 P.2d 615 (1939).

Finally, defendant's reliance on *State v. Gallegos*, 88 N.M. 487, 542 P.2d 832 (1975) *cert. denied*, 89 N.M. 6, 546 P.2d 71 (1975) is misplaced. There, during jury deliberations, the foreman delivered to the trial court a note which read:

> "The juror does not understand English very well, and upon being questioned in Spanish, the jury has found that he/she does not even understand the charges against the Defendant."

The New Mexico court held that upon receipt of the note the trial court should have conducted a hearing to determine the English language ability of the juror. Here, a hearing was held after trial and the factual question of this juror's English language ability was determined by the trial court.

Defendant's contention that the trial judge used personal knowledge to support his findings is without support in the record. Prior to making his oral findings regarding this juror's English language abilities, the trial court stated that: "The Court recalls this particular case, especially because [this juror] happened to be a client of mine when I was practicing law." There is no reference in the findings to the judge's personal knowledge of this juror's English language ability. There is sufficient evidence to support the judge's findings without regard to his personal knowledge and we presume that he disregarded any incompetent evidence. *Short v. Downs*, 36 Colo. App. 109, 537 P.2d 754 (1975).

## II

Defendant contends that certain remarks by the prosecutor in closing argument constituted reversible error and, thus, that the trial court erred in denying his motion for new trial. We disagree.

Defendant denied taking the gun from the liquor store and the gun was never found. On rebuttal, in the context of remarks to explain to the jury why defendant, who had been shot once, might reasonably have taken the owner's gun, the prosecutor twice stated, in effect, that defendant had taken the gun fearing that the victim might shoot him again, which the prosecutor opined "she should have done." On the second such reference, defense counsel objected on the grounds that the comment was not evidence or rebuttal of defendant's argument. The court agreed that the comment was procedurally improper. The prosecutor then explained his meaning: "[S]he shot him and she had a fear; she had good reason to shoot him."

The prosecutor's remarks were improper. However, in light of the context of the remarks, the prosecutor's explanatory comments, and the superior position of the trial court to evaluate the impact of the prosecutor's remarks and explanation on the jury, the trial court did not err in denying defendant's motion for a new trial. *See People v. Ferrell*, Colo., 613 P.2d 324 (1980).

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.