The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Lawrence P. HANDY, Defendant-Appellant.

No. 80CA1060.

Colorado Court of Appeals, Div. II.

June 24, 1982.

As Modified on Denial of Rehearing July 22, 1982.

Certiorari Denied Dec. 13, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Hyland, Morgan Rumler, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Lawrence P. Handy, was convicted by a jury of aggravated robbery and one count of violent crime. He assigns error to the admission of hearsay at trial, the admission of his knife, seized after he was arrested assertedly without probable cause, prosecutorial misconduct during closing arguments, and inconsistent or inadequate jury instructions. We affirm.

Jose Morales testified at trial that Handy flagged him down in the Five Points area of Denver and asked for a ride to 21st and Arapahoe. During the ride Handy took Morales' watch, then drew a knife, and demanded his wallet, from which he removed a $20 bill. After Handy got out of Morales' truck at 21st and Arapahoe, Morales sped to the nearby home of his friends, the Garcias. Since Morales speaks very little English, he asked Ms. Garcia to telephone the police and report the robbery. She translated the questions of the police and Morales' answers. Although the police advised him not to return to the scene, Morales and Mr. Garcia returned to 21st and Arapahoe. When Handy approached Morales, Morales hit him on the head with a stick, which broke with the force of the impact.

Denver patrol officer Samuel Skiles testified that he heard the report of the robbery and a description of the suspect over his police radio. He drove past 21st and Arapahoe and noticed Handy standing by an old pickup truck in front of a bar. A second police radio dispatch reported that the robbery victim was on his way back to the scene, and a subsequent dispatch stated that the suspect had arrived at the scene. Skiles saw Morales pull up in his truck, and saw Handy walk toward Morales. As Skiles approached, he saw Morales hit Handy over the head. Skiles handcuffed Handy and removed a knife from Handy's belt. When Morales indicated that Handy was the robber, Handy was placed under arrest and a search of his pants pocket revealed $19. Acting on a hunch, Skiles crossed the street to the old pickup truck and found a watch which Morales identified as the one stolen by Handy.

Handy testified that he had flagged down Morales and offered to pay him $2 for a ride to 21st and Arapahoe. When they arrived, Handy entered a bar to change a $20 bill, and when he emerged from the bar, Morales was gone. Morales later returned and hit Handy with a stick. During his testimony, Handy admitted three prior felonies.

## I.

At trial, the defendant challenged the admissibility of testimony by Ms. Garcia concerning her report to the police at the instance of Morales. This testimony was hearsay because it was offered to corroborate the testimony of Morales. Colorado Rules of Evidence 801(c). However, the trial court ruled that it was admissible under the excited utterance exception contained in Colorado Rules of Evidence 803(2).

An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Colorado Rules of Evidence 803(2). Although robbery is a startling event and Morales' statements related to it, Handy contends that the statements were not made under the stress of excitement.

■ Although Morales arrived at the Garcia residence several minutes after the robbery and first asked Mr. Garcia for permission to ask Ms. Garcia to do him a favor, contemporaneity of the act and the assertion is not required. *Lancaster v. People,* Colo., 615 P.2d 720 (1980). Here, Morales reported the robbery at his earliest opportunity through a friend who could translate to the police. *See People v. Stewart,* 39 Colo. App. 142, 568 P.2d 65 (1977). Morales' request for permission from Mr. Garcia was a mere preliminary step to his urgent request to Ms. Garcia. Since he spoke very little English, the steps he took were the equivalent of calling the police himself. Moreover, he initiated the telephone call to the police. It was not triggered by questions. *People v. Roark,* Colo., 643 P.2d 756 (1982).

Although Ms. Garcia testified that Morales seemed "concerned" rather than "excited," her opinion is not conclusive. Morales' return to the scene in an agitated state of mind is evidence of his continuing stress. In addition, Ms. Garcia testified that Morales was unemployed, and the stolen money was his last $20. We agree with the trial court that Morales' statements were near enough in time to allow the assumption that the exciting influence continued, and that there was sufficient evidence of continuing stress. *See Lancaster, supra.*

## II.

Handy contends that since there was no probable cause for his arrest, his knife was fruit of the poisonous tree and could not be introduced into evidence. He reasoned that the police could not rely on the description which was broadcast over their radio unless they had independent evidence that the description was based on reliable information. We disagree.

■ Probable cause can be based on a combination of facts personally observed by the arresting officer and information relayed to him by other officers. *People v. Chavez,* Colo., 632 P.2d 574, 579 (1981);

*People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978). The ultimate focus is on the reliability of the information provided by the informant, and when the informant is an eyewitness whose identity is known, the information is presumed reliable. *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974).

■ The defendant's reliance on *People v. Corbett,* 190 Colo. 388, 547 P.2d 1264 (1976) is misplaced because in that case no information concerning the informant was presented at the suppression hearing. Here, there was evidence that the victim was the informant. The victim's description broadcast over the radio, together with the officer's observations at the scene and Morales' identification of Handy as the robber, constituted sufficient probable cause to arrest.

### III.

Before the jury retired to deliberate, the defendant moved for a mistrial based on improper remarks by the prosecutor during closing argument. Since defense counsel made no objection during the prosecutor's closing argument, we must apply the plain error standard to the alleged misconduct. *People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978).

Defendant's first allegation of misconduct concerns the prosecutor's indirect reference to the defendant as a "goon." The prosecutor characterized Morales as a member of a group of people who are easy targets of crime because they do not speak English and fear the immigration authorities. He stated: "They are victims of any goon that comes along, and to all appearances Mr. Morales may have appeared to be the kind of person who would be a victim to any goon that came along; someone who might fear immigration more than he feared the loss of his property."

■ It is improper for the district attorney to use arguments calculated to appeal to prejudice or to mislead the jury. *People v. Mason,* Colo., 643 P.2d 745 (1982). However, here, as in *Mason,* "[t]he inappropriate characterizations were few in num-

ber, momentary in length, and were a very small part of a rather prosaic summation." We cannot say that the remarks so inflamed the jury that it could not be fair and impartial. *Mason, supra; compare People v. Trujillo,* Colo.App., 624 P.2d 924 (1981) (calling defendant a "liar" improperly injected personal opinion of prosecution regarding credibility) *with People v. Swanson,* Colo., 638 P.2d 45 (1981) (calling defendant a "liar" was insufficiently egregious to constitute plain error).

Handy next contends that the prosecutor's reference to his prior felonies was improper. The district attorney said:

"If you knew somebody else, some imaginary person, and you saw him on the stand, you could evaluate what you thought of the story he told on the stand, but would it influence you with Joe Blow ... that, in the past, he has committed assault with intent to rape, burglary and conspiracy to rape? Certainly that doesn't seem to lend itself to the reasonable belief he is probably a truthful person. *He is not on trial for those things now,* but it doesn't indicate a likelihood of being a truthful and law-abiding person for him than it would for anybody else that you were called upon to evaluate." (emphasis added)

■ Counsel may properly comment on the issue whether a witness measures up to the tests of credibility set forth in the instructions. *People v. Constant,* Colo., 645 P.2d 843 (1982). Here, the jury was properly instructed that the defendant's prior felonies affect his credibility as a witness. Thus, while it was proper to refer to the prior felonies as reflecting upon Handy's truthfulness, it was improper to infer that, because of the prior felonies, Handy was not a "law-abiding person." However, this remark was prefaced by the statement that Handy "is not on trial for those things now." This comment was sufficient to cure any impropriety. *See People v. Rodriquez,* Colo.App., 638 P.2d 802 (1981).

■ We find the two remaining allegations of improper closing argument also to be without merit. Both before the initial

introduction of evidence and after the close of evidence, the trial court instructed the jury that comments of counsel were not evidence. In the absence of a showing to the contrary, we must presume that the jury understood and heeded those instructions. *People v. Motley,* 179 Colo. 77, 498 P.2d 339 (1972). The trial court, which is in a superior position to evaluate the impact of improper closing arguments, *Rodriquez, supra,* reasoned that the prosecutor's remarks were not sufficiently egregious to require a new trial. We are convinced beyond a reasonable doubt that the errors did not contribute to the verdict obtained.

### IV.

■ The defendant contends for the first time on appeal that the instructions concerning mental state were defective. We must apply the plain error standard in the absence of a contemporaneous objection or assignment of error in the motion for new trial. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972); Crim.P. 30; Crim.P. 52(b). We find no error in the instructions.

The judgment is affirmed.

ENOCH, C.J., and VAN CISE, J., concur.