22CA0705 Peo v Kondratishin 10-03-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA0705
Adams County District Court No. 19CR5043
Honorable Jeffrey Smith, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Sergey Victor Kondratishin,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Lipinsky and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 3, 2024

---

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kelly A. Corcoran, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1   Defendant, Sergey Victor Kondratishin, appeals the judgment of conviction entered on a jury verdict finding him guilty of driving while ability impaired with three or more prior similar convictions, a class 4 felony.  *See* § 42-4-1301(1)(b), C.R.S. 2024.  We affirm.

## I.   Background

¶ 2   A police officer responded to a report of a suspicious vehicle. When she arrived, she saw a black BMW with a single occupant — Kondratishin in the driver's seat.  As the officer got out of her patrol car, Kondratishin got out of the BMW, on the driver's side.  The BMW was parked on the street near the house in which he lived with his parents.  Kondratishin leaned against the car.  The officer observed that he had bloodshot, watery eyes; slurred speech; and smelled strongly of alcohol.  Looking inside the car, the officer saw a six-pack containing four empty beer bottles on the front passenger side floorboard and a malt liquor bottle in the center console, next to the car keys.  Based on these observations, what Kondratishin told the officer (discussed in more detail below), and what the neighbor who had called police had reported, the officer asked Kondratishin to perform voluntary roadside maneuvers.  He

1

refused. He then equivocated, saying he would and then saying again that he wouldn't. At that point, the officer arrested him.

¶ 3    The People charged Kondratishin with one count of driving under the influence with three or more prior similar convictions. *See* § 42-4-1301(1)(a). A jury acquitted him of that charge but found him guilty of the analogous driving while ability impaired offense.

## II.    Discussion

¶ 4    Kondratishin contends on appeal that (1) insufficient evidence supports the conviction; (2) the district court judge violated his duty of impartiality; (3) the court made various errors in admitting evidence introduced by the prosecution; and (4) even if none of these claimed errors require reversal independently, they do when considered cumulatively. We address and reject these contentions in turn.

### A.    Sufficiency of the Evidence

¶ 5    Kondratishin argues that the only evidence that he drank alcoholic beverages *before* he drove his car was his statement to the police officer on the scene, which wasn't trustworthy enough for the jury to credit. We don't agree.

## 1.  Additional Background

¶ 6      A roommate of the neighbor who had called the police testified that, when he returned home from work at about 6:30 p.m., a black BMW was parked on the street in the space in which he usually parked.  A few minutes later, the roommates went outside to check on the car.  The driver started the car, drove it a little way down the street, and reparked it.  Thinking this was suspicious, one of the roommates called the police.

¶ 7      Officer Priscilla Duke arrived shortly after receiving a dispatch call at 7:22 p.m.  After Kondratishin got out of the BMW, Officer Duke saw that his eyes were glassy, bloodshot, and watery.  According to Officer Duke, he smelled "extremely strong[ly]" of alcohol.

¶ 8      Officer Duke told Kondratishin she was there responding to a report "about a vehicle being in the area."  He responded that he had a bad day of work, and, after he parked, he was talking to someone on his phone when the neighbors came home.  He didn't want to be rude (by parking in the space in front of the neighbors' house), so he drove his car down the street and reparked it in front

3

of his house.  (At this point, another officer arrived at the scene.) Officer Duke then asked Kondratishin whether he had had anything to drink.  He said he drank five beers.  Kondratishin's argument on appeal focuses on the following testimony by Officer Duke:

> I asked him when he had those beers and he told me that he returned home.  He lives with his parents and his parents don't like him drinking at home.  They were not home.  He went to his room and drank five beers.  When he came out of his room, his parents were home.
>
> At that point, he went back and got the six-pack and took it to his vehicle.  At that point, he stated that the residence he was parked in front of — the parties came home and he didn't want to be rude so he moved the vehicle down the street.

¶ 9    Kondratishin told Officer Duke he wasn't drinking in his car.  He also told her he had "four DUIs in the past."  Officer Duke then looked into the car and saw the six-pack container of beer containing four empty bottles, one unopened bottle, and an empty spot.  She also saw an empty malt liquor bottle between the center console and the passenger seat.  The car keys were next to that bottle.

4

¶ 10    Officer Duke then asked Kondratishin to perform voluntary roadside maneuvers. He asked "why he would need to take any tests because he did not drive." (Officer Duke testified that Kondratishin had just told her he did drive.) After Officer Duke again told Kondratishin he didn't have to perform the maneuvers, he said again that he "wasn't drinking in the car and did not drive." He became argumentative. Officer Duke told him to turn around (she was going to arrest him), and as he did so, he said he would perform the maneuvers. He then turned back toward the officer, started arguing with her again, and "asked why he had to do the test if he wasn't driving." Officer Duke took that as a refusal to perform the maneuvers and arrested him.

¶ 11    After Officer Duke put Kondratishin in the back of her patrol car, she told him about the expressed consent law and asked him whether he wanted to take a breath test or a blood test. He again said he didn't see why he needed to take a test and said that once more after Officer Duke explained the consequences to him. Officer Duke deemed this a second refusal and took Kondratishin to a police station.

¶ 12    At trial, following Officer Duke's testimony and the close of the prosecution's case, defense counsel moved for a judgment of acquittal, arguing that "the prosecution hasn't shown that there was [sic] reasonable grounds to make contact with [Kondratishin] or ask him for a test or that he was in actual physical control or driving the vehicle."[1]  The prosecutor responded, as now relevant,

> In terms of driving, there's an admission from the defendant.  [The neighbor] saw the black BMW drive down the street.  It was the same BMW that Officer Duke made contact with. . . .  Upon contact, [the officer] noted an extremely strong odor of an alcoholic beverage, slurred speech, and unsteady balance in terms of leaning against the car and bloodshot watery eyes.  The defendant also stated that he drank five beers and he took those five beers out of his house and into his car where he saw the neighbor looking at him so he drove down the street.

The court denied defense counsel's motion, reasoning that although the chronology "wasn't terribly clear," the jury could reasonably infer based on the evidence (which the court summarized) that Kondratishin reparked his car after drinking in his house.

---

[1] Defense counsel didn't challenge the sufficiency of the evidence on the ground Kondratishin now argues on appeal.

6

### 2. Standard of Review and Applicable Law

¶ 13　It is often said that we review de novo a challenge to the sufficiency of the evidence to support a conviction. *E.g.*, *McCoy v. People*, 2019 CO 44, ¶ 19. But that doesn't mean we sit as a thirteenth juror, disregarding the fact of a guilty verdict delivered by a jury of twelve. *Thomas v. People*, 2021 CO 84, ¶ 10. Rather, it means that we review the record de novo to determine whether the evidence presented is sufficient in both quantity and quality to support a conclusion by reasonable jurors that the defendant is guilty of the charge beyond a reasonable doubt. *Id.* And we do so by applying principles that ascribe weight to the jurors' determination: (1) we don't second guess any findings supported by the evidence; (2) we view the evidence in the light most favorable to the verdict; and (3) we give the prosecution the benefit of every reasonable and relevant inference that may fairly be drawn from the evidence. *Id.*

¶ 14　Kondratishin's challenge to the sufficiency of the evidence is an atypically specific one: he says that no independent evidence established the trustworthiness of his confession to Officer Duke

7

that he drank five beers *before* he drove his car from one parking spot to the other.[2]  He argues that we must reverse his conviction because such evidence is required by the Colorado Supreme Court's decision in *People v. LaRosa*, 2013 CO 2; independent evidence is lacking in this case; and his confession is the only evidence supporting the element of the offense that he drove while impaired, *see* § 42-4-1303(1)(b).

¶ 15    In *LaRosa*, the court adopted the so-called "trustworthiness standard," under which the prosecution must present evidence corroborating the trustworthiness or reliability of the defendant's confession when that confession is the only evidence of a crime. *LaRosa*, ¶¶ 21, 35, 38, 40.  Such corroboration may come from evidence of facts corroborating facts in the confession, facts establishing the crime that corroborate facts in the confession, or facts concerning the circumstances of the confession that show that the confession is trustworthy or reliable.  *Id.* at ¶ 41.  Indeed, "the corroborating facts may be of *any sort whatever*, provided only that

---

[2] To the extent Kondratishin contends that his statement to Officer Burke can't be understood as such a confession, we reject that contention.

they tend to produce a confidence in the truth of the confession." *Id.* at ¶ 40 (alteration omitted) (quoting 7 *Wigmore on Evidence* § 2071, at 511 (Chadbourn rev. 1978)).

### 3.    Analysis

¶ 16    Several evidentiary facts, including the following, corroborate the trustworthiness of Kondratishin's confession when viewed in the light most favorable to the verdict:

- Kondratishin showed signs of intoxication when Officer Duke contacted him.

- Officer Duke found a six-pack container on the floor of the car with four empty bottles.  Another empty bottle was tucked between the console and the passenger seat.

- Kondratishin admitted he drank five beers.  (He doesn't challenge this aspect of his statement to Officer Duke.)

- Witnesses saw Kondratishin drive the car not long before the officers arrived.

¶ 17    These facts fit Kondratishin's confession that he drank five beers before he reparked the car.  Contrary to his suggestion, the facts need not definitively support a confession to render that

confession sufficiently reliable; it is enough that they tend to produce confidence in the reliability of the confession.  *See id.*

¶ 18    We therefore conclude that the evidence is sufficient to support the jury's verdict.  *Cf. State v. Harris*, 575 A.2d 223, 227 (Conn. 1990) (evidence that the defendant was alongside his overturned car, alone on a deserted road, in the early hours, with fresh injuries, and smelling of intoxicating liquor sufficiently supported the defendant's confession that he had been drinking and had driven the car); *State v. Ruiz*, No. A-1-CA-40201, 2023 WL 7131326, at *1-2 (N.M. Ct. App. Oct. 30, 2023) (unpublished memorandum opinion) (evidence that the defendant was within arm's reach of his truck when contacted by police in front of his house, the defendant showed signs of intoxication, the truck's hood was warm to the touch, a half-empty beer bottle was in the truck's center console, and the defendant's mother believed he had been drinking while driving supported the trustworthiness of the defendant's statement to the officer that he had been drinking beer while driving); *State v. Owelicio*, 263 P.3d 305, 311-12 (N.M. Ct. App. 2011) (evidence that the defendant was in the car, she and

another person were the only people near the car, and the other person strongly denied driving the car supported the trustworthiness of the defendant's statement that she drove the car after drinking); *Commonwealth v. Rodriguez*, No. 50 MDA 2023, 2024 WL 797396, at *1-3 (Pa. Super. Ct. Feb. 27, 2024) (unpublished opinion) (evidence that an officer saw the defendant visibly intoxicated, with injuries, in the middle of the night, next to a car that had crashed into a wall and pole sufficiently corroborated the defendant's statements to an officer that he had "crashed" and had been drinking).

### B. Judicial Bias

¶ 19 Kondratishin next contends that the district court judge deprived him of his due process right to a fair and impartial judge by telling the prosecution how it could present evidence proving his prior convictions. We disagree.

### 1. Additional Background

¶ 20 After the court ruled that prior convictions were an element of the charged offense, the court and counsel discussed how certified Department of Motor Vehicles (DMV) records showing those prior convictions could be admitted into evidence. In short, the court

said that it would "conditionally admit the documents subject to being tied up later."

¶ 21    During the trial, Officer Duke testified that Kondratishin had told him he had four prior alcohol-related driving offenses. She also testified as to various types of information identifying Kondratishin that she learned during the booking process. The prosecutor then asked for a bench conference to discuss admitting the DMV records. After the court took a recess and reviewed the records, it noted that while the records showed a date of birth, Kondratishin's date of birth hadn't been independently established. The court said the records wouldn't be admitted "until we tie that up."

¶ 22    Officer Duke testified regarding Kondratishin's date of birth, which she had learned during the booking process. The prosecutor then moved to admit the DMV records into evidence. Defense counsel said she didn't have any objection. (Indeed, all of this occurred without any objection by defense counsel.) The court admitted the records, and it instructed the jury on the limited purpose for which the records could be considered.

## 2.    Standard of Review

¶ 23    We will assume that we review Kondratishin's contention that the judge exhibited bias against him de novo.  *See In re Estate of Elliott*, 993 P.2d 474, 481 (Colo. 2000).  The parties disagree on the test for determining whether any error requires reversal: the People, characterizing the issue as an evidentiary one, argue for plain error; Kondratishin, maintaining that the issue is one of actual bias, argues for structural error.  We don't need to resolve that dispute, however, given our determination that the court didn't demonstrate actual bias against Kondratishin.

## 3.    Analysis

¶ 24    Relying primarily on *People v. Martinez*, 523 P.2d 120 (Colo. 1974), Kondratishin argues that the judge "assumed the role of an advocate" by explaining how the DMV records could be admitted into evidence.  But this case isn't anything like *Martinez*.  In that case, during a pretrial suppression motion hearing, the judge moved sua sponte for the admission of certain evidence, called witnesses for the prosecution, examined the witnesses, and cross-examined defense witnesses.  *Id.* at 120-21.  The supreme court

13

held that the judge had improperly taken on the role of the district attorney, who had failed to appear. *Id.*

¶ 25    In this case, by contrast, the court merely exercised its discretionary authority over the presentation of evidence, explaining to counsel for both sides how certain evidence could be admitted. *Cf. People v. Adler*, 629 P.2d 569, 573-74 (Colo. 1981) (though the judge's indication that the prosecution hadn't yet presented sufficient evidence of value in a theft prosecution may have been "ill-advised," the judge didn't breach the standard of impartiality); *People v. Acosta*, 2014 COA 82, ¶¶ 92-99 (judge's statements and evidentiary rulings suggesting how the prosecutor might secure admission of certain testimony didn't violate the judge's duty of impartiality).  Therefore, there was no violation of Kondratishin's right to an impartial judge.

## C.    Evidentiary Challenges

¶ 26    Kondratishin contends that the court erred by allowing Officer Duke to testify as an expert, repeat hearsay, and give irrelevant testimony.  We don't see any reversible error.

14

## 1. Standard of Review

¶ 27　All of Kondratishin's arguments challenge the court's failure to act on evidence proffered by the prosecution. These challenges implicate the court's discretion to admit evidence, and we review them for an abuse of that discretion. *Venalonzo v. People*, 2017 CO 9, ¶ 15 (whether the court erred by admitting testimony as lay, rather than expert, testimony); *People v. Heredia-Cobos*, 2017 COA 130, ¶ 6. A court abuses its discretion in this context when its ruling is manifestly arbitrary, unreasonable, or unfair or based on a misunderstanding or misapplication of the law. *Heredia-Cobos*, ¶ 6.

¶ 28　Because defense counsel didn't object to any of the evidence at issue, we determine whether any error requires reversal under the plain error test. *Hagos v. People*, 2012 CO 63, ¶ 14; *People v. Miller*, 2024 COA 66, ¶ 41. Plain error is error that is obvious and that so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Hagos*, ¶ 14.

## 2. Analysis

¶ 29　Kondratishin argues that, even though Officer Duke hadn't been offered as an expert witness at trial, and the prosecution

15

hadn't disclosed her as such before trial, she gave the following expert testimony:

- Because Kondratishin got out of his car when she got out of hers, she deduced, based on her experience, that "he's trying to hide something."

- By leaning against his car for balance when he got out of it, Kondratishin behaved abnormally, in her experience.

- She arrested Kondratishin, which, given earlier testimony that she doesn't always arrest persons she initially believes may have been drinking and driving, implied, according to Kondratishin, that he had been driving under the influence. (Kondratishin also argues that this testimony was irrelevant "screening" testimony.)

- Kondratishin has a "state ID number" created as a result of a prior criminal conviction, and she determined that Kondratishin had four prior convictions based on the criminal history records. (Kondratishin also argues that this testimony was hearsay and, as to the four prior convictions, "a legal conclusion on an ultimate issue.")

16

¶ 30    Officer Duke's testimony that leaning against the car indicated possible intoxication and that she determined Kondratishin had driven while intoxicated didn't constitute expert testimony.  At bottom, this testimony was premised on observations from which any ordinary person could have reached the same conclusion based on such a person's experience and knowledge.  *See People v. Kubuugu*, 2019 CO 9, ¶¶ 11, 13; *People v. Russell*, 2014 COA 21M, ¶¶ 21-26 (police officer could testify as a lay witness that the defendant appeared to be under the influence of methamphetamine), *aff'd*, 2017 CO 3.  Likewise, her testimony about the ID numbers and prior convictions wasn't expert testimony because it was based only on what the documents plainly said.

¶ 31    The officer's testimony that she thought Kondratishin might be hiding something because he got out of his car is, perhaps, another story.  But any error in allowing that testimony isn't plain because it isn't obvious that the testimony was expert testimony, and we aren't persuaded that any error casts serious doubt on the reliability of the judgment of conviction.  Had Officer Duke been

tendered as an expert, the court wouldn't have abused its discretion by qualifying her as such. Defense counsel was able to cross-examine the officer on the point, and Kondratishin doesn't assert what his counsel would have done differently had the court qualified the officer as an expert. There was other substantial evidence of Kondratishin's impairment. And Kondratishin's defense wasn't that he hadn't been drinking but that he hadn't been drinking before he drove.

¶ 32    For similar reasons, we conclude that allowing Officer Duke to testify about Kondratishin's state ID number and prior convictions, even if hearsay or an improper opinion as to his guilt of the prior offenses, wasn't plain error. That testimony was only offered as part of the prosecution's effort to tie Kondratishin to the DMV records. Substantial other evidence tied him to those records, which were properly admitted, and he doesn't contend otherwise. *See People v. Stone*, 2021 COA 104, ¶ 30 (*cert. granted* Oct. 17, 2022); *People v. Dominguez*, 2019 COA 78, ¶¶ 42-51.

¶ 33    Lastly, it is questionable whether Officer Duke's testimony that she arrested Kondratishin was a commentary on

18

Kondratishin's guilt, even considered in light of her earlier testimony that she doesn't always arrest drivers she initially suspects of drinking and driving. Therefore, any error in allowing that testimony arguably wasn't obvious. But even if there was obvious error, it doesn't cast serious doubt on the reliability of the judgment of conviction. Whenever someone is charged with a crime, a jury obviously knows that the state believes the person to be guilty. And Kondratishin cites no case for the proposition that the fact of the charge — or even of an arrest — is unduly prejudicial. Counsel thoroughly examined (and cross-examined) Officer Duke on the circumstances leading up to Kondratishin's arrest, and the court instructed the jury that the charge itself isn't evidence that Kondratishin committed any crime. We note, as well, that the jury didn't find Kondratishin guilty of driving under the influence, indicating that it carefully considered the evidence of Kondratishin's level of intoxication.

## D. Cumulative Error

¶ 34    We have identified three possible errors in the admission of evidence. We aren't persuaded that, considered cumulatively, these

19

errors deprived Kondratishin of his right to a fair trial. *See Howard-Walker v. People*, 2019 CO 69, ¶ 24.

### III.   Disposition

¶ 35     The judgment of conviction is affirmed.

JUDGE LIPINSKY and JUDGE SULLIVAN concur.